F I L E D
CLERK OF COURT

2025 MAY -1 PM 3: 41

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>MATTHEW HERMAN QUIFUNAS,<br><br>Defendant. | CRIMINAL CASE NO. CF0335-21<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 24, 2025, for hearing on Defendant Matthew Herman Quifunas's ("Defendant") Motion to Take Plea and Apply 9 GCA Section 67.401.4(d) or 9 GCA Section 80.22. Present were Defendant with counsel, F. Randall Cunliffe, and Assistant Attorney General Kathleen O'Neil on behalf of the People of Guam. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On July 15, 2021, Defendant was indicted with (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony). (Indictment, Jul. 15, 2021). These charges stem from the discovery of $5,562 cash in various denominations; four baggies containing 39.16 gross grams of suspected methamphetamine; three digital scales; eleven unused small baggies; an improvised pipe with suspected methamphetamine residue and two plastic straws with slant cut

ends and the other end heat sealed in Defendant's vehicle during the effectuation of a traffic stop on or about July 8, 2021. (Decl. of Steven J. Haderlie, Magistrate's Compl., Jul. 8, 2021).

On January 29, 2025, Defendant filed the instant Motion. On February 11, 2025, the Government filed its Opposition. On February 20, 2025, Defendant filed his Reply.

On February 24, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to either sentence Defendant pursuant to 9 G.C.A. § 67.401.4(d) or to reduce the First Charge of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) pursuant to 9 G.C.A. § 80.22. *See generally,* Mot. Take Plea, Jan. 29, 2025. The Government opposes, arguing that the Court cannot implement either section without Defendant having first changed his plea and having been advised of his rights. *See generally,* Opp'n, Feb. 11, 2025.

The Court first turns to Defendant's request that the Court sentence Defendant pursuant to 9 G.C.A. § 67.401.4(d). Section 67.401.4(d) provides:

> The imposition of a minimum term of imprisonment and the prohibitions of sentence and granting of probation and requirement for service of a minimum term of imprisonment prior to granting parole as prescribed by Subsections (a), (b), and (c) of this Section shall not apply in the case of a person whom the court determines violated § 67.401.1(a) of this Act *for the primary purpose of enabling him to obtain a narcotic drug* which he requires for his personal use because of his addiction to such drug."

9 G.C.A. § 67.401.4(d) (2022) (emphasis added). Here, Defendant is charged with Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) based on his possession with intent to deliver an *amphetamine-based substance.* (Indictment, Jul. 15, 2021). Schedule II Controlled Substances are listed in Appendix B of the Guam Uniform Controlled Substances Act ("GUCSA").[1] *See* 9 G.C.A. § 67.205 (2022) ("Unless specifically

---

[1] Methamphetamine and amphetamine are listed as stimulants under Appendix B. *See* 9 G.C.A. Chapter 67, Appendix B(C)(1) & (2) (2022).

excepted by Guam or Federal law, or Guam or Federal regulation, or more specifically included in another schedule, Schedule II controlled substances are listed in Appendix B of this Act."). Not all Schedule II Controlled Substances are narcotic drugs under the GUCSA. The GUCSA sets forth that Narcotic drug means any of the following, however manufactured:

(1) Opium, opium derivative and any derivative of either, including any salts, isomers and salts of isomers of them that are theoretically possible within the specific chemical designation, but not isoquinoline alkaloids of opium;

(2) synthetic opiate and any derivative of synthetic opiate, including any isomers, esters, ethers/salts, and salts of isomers, esters, and ethers of them that are theoretically possible within the specific chemical designation;

(3) poppy straw and concentrate of poppy straw;

(4) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine and derivatives of ecgonine, or their salts, have been removed;

(5) cocaine, or any salt, isomer or salt of isomer of cocaine;

(6) cocaine base;

(7) ecgonine, or any derivative, salt, isomer or salt of isomer of ecgonine; and

(8) compound, mixture or preparation containing any quantity of a substance listed in this Paragraph.

9 G.C.A. § 67.101(u) (2022). Thus, under the GUCSA, a Schedule II Controlled Substance can be a narcotic *or* a non-narcotic drug. Section 67.101(u) plainly does not categorize methamphetamine or amphetamine as a narcotic drug. *See* 9 G.C.A. § 67.101(u) (2022). Section 67.401.4(d) requires the Court to determine Defendant violated 9 G.C.A. § 67.401.1(a) "for the primary purpose of enabling him to obtain **a narcotic drug** which he requires for his personal use because of his addiction to such drug." 9 G.C.A. § 67.401.4(d) (emphasis added). Because amphetamine and methamphetamine are not considered narcotic drugs under the GUCSA, section 67.401.4(d) does not apply to Defendant, and the Court DENIES this portion of Defendant's Motion.

The Court next turns to Defendant's request that the Court reduce the Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) to simple Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Pursuant to 9 G.C.A. § 80.22:

> If, when a person has been convicted of an offense, the court, having regard to the nature and circumstances of the offense and to the history and character of the offender, is of the view that it would be unduly harsh to sentence the offender in accordance with the code, the court may enter judgment for a lesser included offense and impose sentence accordingly.

9 G.C.A. § 80.22. The Court agrees with the Government that it is premature for the Court to determine whether not a reduction of offense is appropriate in this matter because Defendant has not yet plead guilty and "been convicted of an offense" as set forth in the statute. Although Defendant sets forth in his Motion that he has a previous possession case from 2015 and that he has been using ice since 2012, the Court does not find this information sufficient for it to make a full determination on the Motion. The Court is to consider "the nature and circumstances of the offense" and "the history and character of the offender." 9 G.C.A. § 80.22. *See also, People v. Bosi,* 2022 Guam 15 ¶ 36 ("The statute clarifies that a finding of undue harshness should derive from an analysis of 'the nature and circumstances of the offense' and 'the history and character of the offender.'"). The Court finds these factors are best determined after a defendant has been found guilty, either through a guilty plea (whether the facts forming the basis of the guilty plea can be fully set forth) or after a jury trial (where the Court has heard evidence regarding the charge(s)), and a pre-sentence investigation report ordered to provide detailed background and history of the defendant.

> A sentencing court must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed. [H]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. A trial court's discretion in sentencing is therefore largely unlimited either as to the kind of information he may consider, or the source from which it may come. Allowing consideration of such a breadth of information ensures that the punishment will suit not merely the offense but the individual defendant.

*People v. Castro,* 2013 Guam 20 ¶ 62 (internal citations and quotation marks omitted) (alterations in original). Accordingly, the Court declines to determine at this time whether or not a reduction of offense would be appropriate for Defendant. This decision, however, does not preclude Defendant from subsequently moving the Court for a reduction of offense upon conviction.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Take Plea and Apply 9 GCA Section 67.401.4(d) or 9 GCA Section 80.22.

**IT IS SO ORDERED** this 1st day of May, 2025.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

I acknowledge that an electronic
Copy of the original was e mailed to

*AG, Cunliffe*

Date *5/1/25* Time *3:46 p*
*Albert Caldo c*

Deputy clerk, Superior Court of Guam

*People v. Quifunas*
Case No. CF0335-21
Decision and Order